UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN A. SWINN,<br><br>    Plaintiff,<br><br>v.<br><br>LOCKHART, MORRIS & MONTGOMERY, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:21-cv-01769<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES JOHN A. SWINN ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of LOCKHART, MORRIS & MONTGOMERY, INC. ("Defendant"), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action seeking redress for Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 as the action arises under the laws of the United States.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant's principal place of business is located in Dallas County, Texas, which lies within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer and a natural person over the age-of-18.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Defendant regarded Plaintiff as a natural person obligated or allegedly obligated to pay the subject debt.

6. Defendant is a debt collector and limited liability company organized under the laws of the State of Texas. Defendant's principal place of business is located at 1401 N. Central Expressway, Suite 225, Richardson, Texas 75080-4456. Defendant regularly collects from consumers in the State of Texas.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. In or around the late 2019, Plaintiff obtained a vocational loan to complete a thirty-day CDL licensing program offered by Swift Transportation.

9. The balance of the loan was $6,000 for the vocation and $750 for room and board.

10. While enrolling in the vocational course in 2019, Swift Transportation and Plaintiff signed a written agreement outlining some terms of the vocational loan.

11. One of the terms outlined in the loan offered an incentive debt repayment program that explained that the balance of the vocational loan would be paid if Plaintiff remained employed by Swift Transportation.

12. While employed by Swift Transportation, Plaintiff's cost of room and board, totaling $750.00, was paid off in full through a payroll deduction of $65.00 from each paycheck.

13. Shortly after ending his employment in September 2020, Swift Transportation began placing telephone calls to the Plaintiff's cellular telephone to collect on the remaining balance of the vocational loan ("subject debt").

14. In November 2020, Plaintiff agreed to begin monthly payments of $665.74 to pay off the vocational debt.

15. Plaintiff made all payments in a timely manner via written personal check mailed to Swift Transportation.

16. As time passed, Plaintiff was near completing his financial obligation to Swift Transportation.

17. During the start of 2021, Defendant began placing phone calls to Plaintiff's cellular telephone.

18. At one point during a telephone call placed by Defendant, Plaintiff informed them that the subject debt was not in default and should not have been sent to collections.

19. Plaintiff has received no less than 10 calls placed by Defendant.

20. On March 17, 2021, Defendant sent a letter to Plaintiff in an attempt to collect a balance of $1,997.27 allegedly owed to Swift Transportation for the subject debt.

21. The Subject Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because Defendant regarded the subject debt as an "obligation or alleged obligation of a consumer to pay money arising out of services which were allegedly the subject of a transaction primarily for personal, family, or household purposes."

22. Defendant used phone calls and mail to attempt to collect the alleged subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

23. Plaintiff was perplexed that despite making timely payments without default, the subject debt was sent to Defendant for collection.

24. Specifically, Plaintiff recalled the written agreement he had signed with Swift Transportation explaining that two years were allotted to pay back the subject debt, yet two years had not passed before it was sent to collections.

25. Additionally, Plaintiff questioned the amount of the subject debt as he was only two payments of $665.74 away from paying the remainder of his financial obligation and not $1,997.27.

26. On March 16, 2021, Defendant reported a balance of $1,165.00 to Plaintiff's Experian credit report.

27. On March 17, 2021, Defendant reported a hard inquiry to Plaintiff's Experian credit report.

28. Despite Defendant attempting to collect on the subject debt, Plaintiff continued to make all payments on time to Swift Transportation.

29. In April 2021, Plaintiff made his final payment of $665.74 to Swift Transportation, thus completing his financial obligation on the subject debt.

30. Additionally, Plaintiff mailed a letter to Defendant briefly detailing that he had a payment plan in place with Swift Transportation, he upheld his end of the agreement, and the subject debt should not have been sent to collections or incurred damages to his credit report.

31. Concerned his statutory rights were violated Plaintiff searched and retained counsel to vindicate his rights.

32. Defendant's harassing conduct has impacted Plaintiff's daily life and general well-being.

33. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

34. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

35. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance aggravation that accompanies unsolicited phone calls, harassment, emotional distress, anxiety, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular and home telephone services.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein

37. Defendant's communications to Plaintiff were made in connection with the collection of the alleged subject debt.

38. Defendant violated 15 U.S.C. §§1692d, d(5), e, e(2), e(8), e(10) and f through its unlawful debt collection practices.

   a. **Violations of FDCPA §1692d**

39. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

40. Defendant violated §1692d when it repeatedly called Plaintiff regarding the subject debt after they were informed that the account was not defaulted. Defendant was simply trying harass Plaintiff into paying the alleged subject debt that he did not owe.

41. Additionally, Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged subject debt with the intent to annoy, abuse, or harass Plaintiff.

   b. **Violations of FDCPA §1692e**

42. Defendant violated §1692e by using false, deceptive, and misleading representation in connection with the collection of the subject debt. It was deceptive and misleading for Defendants to falsely represent the amount of the alleged subject debt.

43. Furthermore, Defendant violated §1692e(2) by using false, deceptive, and misleading representation in connection with the collection of the subject debt. The received written correspondence misrepresented the amount of the subject debt, causing further confusion, frustration and worry for Plaintiff.

44. Defendant further violated §1692e(10) by using false representation and deceptive means in connection to the collection of the subject debt. Defendant falsely mischaracterized the status of the subject debt.

45. Specifically, Plaintiff is not responsible for the balance of the subject debt as written on the letter and credit report, because Plaintiff explicitly informed Defendant that he had made timely payments and nearly paid off the subject debt.

   c. **Violations of FDCPA §1692f**

46. Defendant violated §1692f by using and unconscionable means in attempting to collect on the subject debt.

47. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on amount which Plaintiff does not owe. Defendant's multiple collection efforts unfairly suggested that Plaintiff owed a higher balance of the alleged subject debt, when in fact he did not.

48. As an experienced debt collector, Defendant knew or should have known the ramifications of in collecting on a debt not owed through incessant deceptive means.

**WHEREFORE**, Plaintiff JOHN A. SWINN respectfully requests that this Honorable Court:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;
   b. Enjoining Defendant from further contacting Plaintiff.
   c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);
   d. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);
   e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
   f. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

49. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: July 30, 2021

Respectfully submitted,

**JOHN A. SWINN**

*/s/ Victor T. Metroff*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Counsel for Plaintiff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com